### Pete Hawthorne v. The State.

No. 4137. Decided November 18, 1916.

**1.—Local Option—Indictment.**

Where, upon trial of a violation of the local option law, the indictment followed approved precedent, the same was sufficient. Following Dupree v. State, recently decided. Davidson, Judge, dissenting.

**2.—Same—Evidence—Credibility of Witness—Rule Stated.**

It is settled in this State, that proof that any witness who testifies ha~ committed any given crime, is inadmissible. It is only permissible to impeach him by showing that he has been indicted or convicted for such crime.

3.—Same—Evidence—Moral Turpitude.

Upon trial of a violation of the local option law, the court committed no error in permitting the State on cross-examination of the defendant to prove that he had been indicted, tried, and convicted of a felony or a misdemeanor imputing moral turpitude within a period not too remote. Davidson, Judge, dissenting.

Appeal from the District Court of Bell. Tried below before the Hon. F. M. Spann.

Appeal from a conviction of a violation of the local option law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*James Boyd,* for appellant.—On question of moral turpitude: Tyrell v. State, 38 S. W. Rep., 1011; Beet v. State, 23 Texas Crim. App., 360.

On question of indictment: Carnes v. State, 50 Texas Crim. Rep., 282; Smitham v. State, 53 Texas Crim. Rep., 173, 108 S. W. Rep., 1183.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of violating the law prohibiting the sale of intoxicating liquors in Bell County, a prohibition county.

The indictment in this case is exactly like the indictment in No. 4167, Will Dupree v. State, from the same county, this day decided, and the objections the same. As held in that case, the indictment is good. The same objections were made to the introduction of the orders in this as in the Dupree case, with the same correct result.

In another bill, appellant complains of the court's refusal to permit him to prove by various witnesses that H. M. Bryan, the State's main witness, had made to them, respectively, sales of intoxicating liquors in Bell County between the 1st and 3d of January, 1916. It is settled in this State that proof that any witness who testifies has committed any given crime is inadmissible. It is only permissible to impeach him by showing that he has been indicted or convicted for such crime. (Sec. 168, p. 102, 1 Branch's Ann. P. C.) Therefore, the court committed no error in refusing several witnesses tendered by appellant to testify to the actual commission of the crime of illegally selling to them by said State's witness intoxicating liquors in Bell County. It would make no difference that they had asked him if he had sold whisky to the respective parties and he had denied it. Appellant was concluded by his answer.

On the other hand, it is equally well settled that any witness can be impeached by the adverse party by proving by the witness on cross-examination that within a period not too remote he had been indicted or convicted of a felony or misdemeanor imputing moral turpitude. (Sec. 167, 1 Branch's Ann. P. C., p. 101.) Therefore, the court committed no error in permitting the State on cross-examination of appel-

lant to prove that he had been so indicted and tried, he also having answered that he had been acquitted.

The judgment is affirmed.                    *Affirmed.*

DAVIDSON, JUDGE (dissenting).—See Clark Cleveland v. State, decided at this term.